United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 21-20168-CR-Scola |
| | ) |
| Felix Sandro Garcia Muniz, | ) |
| Defendant. | ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Felix Sandro Garcia Muniz's motion for reduction of sentence pursuant to 18 U.S.C. §§ 3582(c)(2) and 3582(c)(1)(A). (Mot., ECF No. 71.) The Government has filed a response (ECF No. 76), and there is no need for the Defendant to reply. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion for reduction of sentence. (**Mot., ECF No. 71**.)

1. **Background**

On September 24, 2021, the Defendant Felix Sandro Garcia Muniz was sentenced to a term of imprisonment of 48 months of imprisonment followed by three years of supervised release after pleading guilty conspiracy, possession of 15 or more unauthorized access devices, and aggravated identity theft. (ECF Nos. 36, 37, 55, 57.) The Sentencing Guidelines range was 37 to 46 months of imprisonment, based on an offense level of 17 and criminal history category IV, followed by a mandatory two-year consecutive sentence, for a total of 61 to 70 months of imprisonment. The Government moved under Sentencing Guidelines Section 5K1.1 for a 20-percent downward departure from the Defendant's total sentence based on his substantial assistance. (Gov't Resp., ECF No. 76 at 3.) The Court granted the motion, resulting in a total Guidelines range of 48.8 to 56 months of imprisonment. The Court then sentenced the Defendant to 48 months of imprisonment followed by three years of supervised release.

Garcia Muniz now requests a reduction of sentence under 18 U.S.C. § 3582(c)(2) and also requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Defendant served his sentence and appears to have been released on May 16, 2024. However, the Court still considers his motion to the extent it could be construed as requesting a reduction of both his sentence and term of supervised release. *See Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) ("Dawson is still serving his term of supervised release, which is part of his

sentence and involves some restrictions upon his liberty. Because success for Dawson could alter the supervised release portion of his sentence, his appeal is not moot.")

## 2. Analysis

### A. Amendment 821

Since Garcia Muniz's sentencing, the United States Sentencing Commission issued Amendment 821 which, among other things, affects the "status points" assessed to defendants who commit an offense while under another criminal justice sentence. Previously, offenders would receive two additional criminal history points if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d). Now, however, under Part A of the amendment, offenders with six or fewer history points will no longer receive these additional status points and offenders with seven or more criminal history points will only be assessed one additional point, rather than two. *See* Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment, United States Sentencing Commission, https://www.ussc.gov/ sites/default/files/pdf/research-and-publications/ retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf. Garcia Muniz now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 48 months in prison.

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the

Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

The retroactive amendment that Garcia Muniz invokes here is Part A of Amendment 821—the "status points" adjustment. But Garcia Muniz is not eligible for the adjustment because the application of Amendment 821 would not lower his existing sentence. Even without status points, Garcia Muniz had seven criminal history points, placing him in criminal history category IV. Accordingly, § 4A1.1's new status-point-rules have no bearing on Garcia Muniz's criminal history category. With his criminal history category unchanged, Garcia Muniz's guideline range remains the same. As such, he is ineligible for a sentence reduction. 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered").

### B. Compassionate Release

Garcia Muniz also requests relief under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A). Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A district court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S.S.G. § 1B1.13(a). As detailed in the applicable policy statement, extraordinary and compelling reasons may exist where a defendant has a serious health condition, is elderly, has a family member that depends upon the defendant for care, is a victim of abuse while incarcerated, or in other circumstances of similar gravity to those enumerated. *Id.* The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* The Defendant bears the burden of establishing that compassionate release is

warranted. *See United States v. Hamilton*, 715 F.3d 328, 329 (11th Cir. 2013) (noting defendant has the burden to show circumstances meeting the test for a reduction of sentence).

Here, the Defendant has not established that he exhausted administrative remedies before filing in district court, and the Government represents that BOP counsel confirmed from BOP records that no reduction of sentence request has been made. (*See* Gov't Resp., ECF No. 76 at 9.) The Court therefore cannot grant Garcia Muniz's request for a reduction of sentence based on compassionate release.

### 3. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Garcia Muniz's motion for reduction of sentence is **denied**. (**ECF No. 71**.)

**Done and ordered** at Miami, Florida on August 15, 2024.

_____
Robert N. Scola, Jr.
United States District Judge